1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE W. DAVIS,

                                    Plaintiff,

          v.

SHIRLEY DEEM,

                                    Defendant.

No. C10-5229 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. The case is before the Court upon review of Plaintiff's complaint. After reviewing the complaint and balance of the record, the Court finds and orders as follows:

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995 (PLRA), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Davis's allegations appear to fail to state a claim upon which relief can be granted.

A.      **Plaintiff's Allegations – Dkt. 1-2**

Mr. Davis alleges that on February 25, 2010, Dr. Shirley Deem diagnosed and prescribed Bactraban for a pimple on the left side of his nose next to his eye without first having seen or examined him. Dkt. 1-2, p. 3.  He alleges that he was later advised by a staff member and nurse that he should not use Bactraban anywhere near his eye because it could cause damage.  *Id.*  Mr.

ORDER TO AMEND OR SHOW CAUSE- 2

Davis alleges that he was not given proper medical attention because Dr. Deem diagnosed and prescribed medication without ever seeing him and because the medication would have damaged his eye had he used the medication. *Id.* Mr. Davis seeks $50,000.00 in damages. *Id.*, p. 4.

**B.     Analysis of Plaintiff's Claims**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than de minimus." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

ORDER TO AMEND OR SHOW CAUSE- 3

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); Farmer v. Brennan, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan*, 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. "A serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id*. at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. See *Wallis v. Baldwin*, 70 F.3d 1074, 1077

ORDER TO AMEND OR SHOW CAUSE- 4

1   (9th Cir. 1995).  If one of the components is not established, the court need not inquire as to the

2   existence of the other.  *Helling*, 509 U.S. 25.

3          Examples of serious medical needs include "[t]he existence of an injury that a reasonable

4   doctor of patient would find important and worthy of comment or treatment; the presence of a

5   medical condition that significantly affects an individual's daily activities; or the existence of

6   chronic and substantial pain."  *McGuckin*, 974 F.2d at 1059-60.

7          In addition, prison authorities have "wide discretion" in the medical treatment afforded

8   prisoners.  *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), cert. denied, 387 U.S. 922 (1972).

9

10  To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of

11  treatment the doctors chose was medically unacceptable under the circumstances . . . and the

12  plaintiff must show that they chose this course in conscious disregard of an excessive risk to

13  plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), cert. denied, 519 U.S.

14  1029.  A claim of mere negligence or harassment related to medical problems is not enough to

15  make out a violation of the Eighth Amendment.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th

16  Cir. 1981).  Simple malpractice, or even gross negligence, does not constitute deliberate

17  indifference.  *McGuckin*, 974 F.2d at 1059.  Similarly, a difference of opinion between a

18  prisoner-patient and prison medical authorities regarding what treatment is proper and necessary

19  does not give rise to a §1983 claim.  *Franklin*, 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d

20  873, 874 (9th Cir. 1970).

21

22          Mr. Davis alleges only that he had a pimple on the side of his nose.  Mr. Davis has failed

23  to allege a serious medical condition.  The possibility that his eye could have been damaged had

24  he used the medication is not sufficient to state the existence of a serious medical condition.

25

26

ORDER TO AMEND OR SHOW CAUSE- 5

Mr. Davis also seeks $50,000.00 in damages, presumably for the possibility of an injury. As noted above, although mental and emotional distress damages are available as compensatory damages under §1983, no compensatory damages are to be awarded for the mere deprivation of a constitutional right.

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury" is *de minimis. Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002).  But the Ninth Circuit has held that to the extent that a plaintiff has actionable claims for compensatory, nominal, or punitive damages premised on violations of constitutional rights, and not on mental or emotional injuries, § 1997e(e) is not a bar to such claims.  *Id.* at 630.

Due to the deficiencies described above, the Court will not serve the complaint.  Mr. Davis may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **June 25, 2010.**  If Mr. Davis chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint  shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

   (1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

   (2)    the dates on which the conduct of each Defendant allegedly took place; and

   (3)    the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs.  The amended complaint shall operate as a complete substitute for (rather than a mere supplement to)

ORDER TO AMEND OR SHOW CAUSE- 6

the present complaint.  Plaintiff shall present his complaint on the form provided by the Court.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an

original and not a copy, it may not incorporate any part of the original complaint by reference,

and it must be clearly labeled the "First Amended Complaint" and Cause Number C10-5229BHS

must be written in the caption.  Additionally, Plaintiff must submit a copy of the "First Amended

Complaint" for service on each named Defendant.

Plaintiff is cautioned that if an amended complaint is not timely filed or if Plaintiff fails

to adequately address the issues raised herein on or before **June 25, 2010**, the Court will

recommend dismissal of this action as frivolous.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an

amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the

General Order to Plaintiff.

**DATED** this  25th  day of May, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7