1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE W. DAVIS,

                                    Plaintiff,

        v.

DR. SHIRLEY DEEM,

                                    Defendant.

No. C10-5229 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  August 20, 2010**

        This civil rights action has been referred to the undersigned United States Magistrate

Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

Plaintiff's application to proceed *in forma pauperis* was granted on May 26, 2010.  Dkt. 5.  Upon

review of Plaintiff's civil rights complaint (Dkt. 6), the court found the complaint to be deficient

and directed Mr. Davis to show cause why the complaint should not be dismissed or to amend

his complaint to state a cause of action under 42 U.S.C. § 1983.  Dkt. 7.  Mr. Davis has not

responded to the court's order.  The undersigned recommends that the action be dismissed

without prejudice prior to service because Mr. Davis's claims are not cognizable under 42 U.S.C.

§ 1983 and for failure to comply with this court's order.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Mr. Davis is currently confined at Western State Hospital in Tacoma, Washington.  Dkt. 6.  Mr. Davis alleges that on February 25, 2010, Dr. Shirley Deem diagnosed and prescribed Bactraban for a pimple on the left side of his nose next to his eye without first having seen or examined him.  Dkt. 1-2, p. 3.  He alleges that he was later advised by a staff member and nurse that he should not use Bactraban anywhere near his eye because it could cause damage.  *Id.*  Mr. Davis alleges that he was not given proper medical attention because Dr. Deem diagnosed and prescribed medication without ever seeing him and because the medication would have damaged his eye had he used the medication.  *Id.*  Mr. Davis seeks $50,000.00 in damages.  *Id.*, p. 4.

After reviewing Mr. Davis' proposed complaint, the court found the complaint to be deficient and refused to order service.  However, the court notified Mr. Davis of the deficiencies in his complaint and granted him leave to amend on or before June 25, 2010.  Dkt. 7, p. 6.  The court also cautioned Mr. Davis that if he failed to show cause or timely file an amended complaint, the undersigned would recommend dismissal of this case as frivolous.  *Id.*, p. 7.

**DISCUSSION**

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

REPORT AND RECOMMENDATION - 2

In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*.  While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); see also 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act).  This provision "requires a showing of physical injury that need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 3

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan*, 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. "A serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id*. at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually

REPORT AND RECOMMENDATION - 4

perceived, not what the official should have known.  See *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).  If one of the components is not established, the court need not inquire as to the existence of the other.  *Helling*, 509 U.S. 25.

Examples of serious medical needs include "[t]he existence of an injury that a reasonable doctor of patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *McGuckin*, 974 F.2d at 1059-60.

In addition, prison authorities have "wide discretion" in the medical treatment afforded prisoners.  *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972).  To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029.  A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Simple malpractice, or even gross negligence, does not constitute deliberate indifference.  *McGuckin*, 974 F.2d at 1059.  Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a §1983 claim.  *Franklin*, 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970).

Mr. Davis alleges only that he had a pimple on the side of his nose.  Mr. Davis has failed to allege a serious medical condition.  The possibility that his eye could have been damaged had he used the medication is not sufficient to state the existence of a serious medical condition.

REPORT AND RECOMMENDATION - 5

Mr. Davis also seeks $50,000.00 in damages, presumably for the possibility of an injury. As noted above, although mental and emotional distress damages are available as compensatory damages under §1983, no compensatory damages are to be awarded for the mere deprivation of a constitutional right.

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury is *de minimis*."  *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002).

## CONCLUSION

Although he was given leave to amend, Mr. Davis failed to respond to the court's order and failed to file an amended pleading stating a cognizable claim under 42 U.S.C. § 1983. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 20, 2010**, as noted in the caption.

DATED this   29th  day of July, 2010.

*Karen L. Strombom*

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6